1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALEXANDER WOODS,                         CASE NO. CV F 05-1587 LJO

12                    Plaintiff,              **ORDER ON DEFENDANT'S MOTIONS TO COMPEL**

13          vs.                                (Docs. 12, 17, 18, 21.)

14   KRAFT FOODS, INC.,

15                    Defendant.
                                          /
16

17                          **INTRODUCTION**

18          In this race discrimination and wrongful termination action, defendant Kraft Foods Global, Inc.

19   ("Kraft") seeks to compel plaintiff Alexander Woods' ("Mr. Woods'") further responses to six

20   interrogatories and 62 document requests and production of responsive documents.   This Court

21   considered Kraft's motions to compel on the record and without oral argument or the September 29,

22   2006 hearing, which is vacated. *See* Local Rule 37-251(c), (d) and 78-230(h).  This Court issues the

23   below orders to address Mr. Woods' disputed discovery responses.

24                          **BACKGROUND**

25              **Kraft's Interrogatories And Document Requests**

26          On September 19, 2005, Mr. Woods filed in Fresno County Superior Court against Kraft his

27   complaint to allege federal and state race discrimination and wrongful termination causes of action in

28   connection with his termination of employment with Kraft.  Kraft removed the action to this Court.

                                          1

1     On April 14, 2006, Kraft personally served Mr. Woods' counsel Ed Chatoian ("Mr. Chatoian")

2  with six interrogatories to address Mr. Wood's mitigation efforts, medical treatment since his

3  termination, prior claims and lawsuits, and supporting facts and witnesses.  On April 14, 2006, Kraft also

4  personally served 76 document requests, most of which seek documents to support Mr. Woods' specific

5  allegations.  Prior to the May 15, 2006 deadline to respond to the interrogatories and document requests,

6  Mr. Chatoian neither requested an extension to serve responses nor served responses.

7     On May 24, 2006, defense counsel Shelline Bennett ("Ms. Bennett") received by mail in one

8  envelope Mr. Woods' responses to the interrogatories and document requests.  The proofs of service of

9  the responses to the document requests and interrogatories reflect May 16 and 19, 2006, respectively,

10  service by mail.  However, the postage stamp/meter on the envelope indicates a May 23, 2006 mailing

11  date.  The proofs of service, signed by Mr. Chatoian's paralegal Lisa J. Profera ("Ms. Profera"), state:

12  "I am aware that on motion of the party served, service is presumed invalid if postal cancellation date

13  of postage meter date is more than one day after date of deposit for mailing in affidavit."

14     In her declaration, Ms. Profera states that: (1) she prepared the proofs of service on May 19,

15  2006; (2) the May 16, 2006 proof of service for the responses to documents requests is a typographical

16  error; (3) she mailed the interrogatory and document request responses on May 19, 2006; and (4) she

17  cannot explain the U.S. Postal Service's May 23, 2006 post mark on the envelope containing the

18  responses.

19                                          **Meet And Confer Efforts**

20     Ms. Bennett's June 29, 2006 hand-delivered letter ("June 29 letter") to Mr. Chatoian outlined

21  Kraft's contentions that Mr. Woods' objections to the interrogatories and document requests were

22  waived and Mr. Wood's responses were incomplete and evasive.  According to Ms. Bennett, Mr.

23  Chatoian ignored her request to respond, no later than July 10, 2006, to her June 29 letter.  In his

24  declaration, Mr. Chatoian claims that a mediation and depositions prevented him to respond to the June

25  29 letter.

26     Ms. Bennett's July 11, 2006 letter ("July 11 letter") to Mr. Chatoian, sent by fax and U.S. mail,

27  noted the absence of a response to her July 26 letter and requested Mr. Chatoian, no later than July 13,

28  2006, to address the disputed discovery responses.  According to Ms. Bennett, Mr. Chatoian ignored her

1    July 11 letter.  In his declaration, Mr. Chatoian claims that a deposition prevented him to respond to the

2    July 11 letter.

3        At Mr. Woods' July 20, 2006 deposition, Ms. Bennett noted on the record the disputed discovery

4    responses and Mr. Chatoian's failure to respond to Ms. Bennett's meet and confer attempts.  Mr.

5    Chatoian did not attend Mr. Woods' deposition at which Susan Purvis specially appeared for Mr.

6    Woods.  According to Ms. Bennett, Mr. Chatoian has not responded to her comments on the deposition

7    record regarding the disputed discovery responses.  Mr. Chatoian claims that on August 24, 2006, his

8    office mailed Ms. Bennett Mr. Woods' resume and information on the location of Mr. Woods' medical

9    records.

10       On September 8 and 11, 2006, Kraft filed its motion to compel papers.  Ms. Bennett claims that

11    Mr. Chatoian failed to cooperate to submit a joint discovery dispute statement, pursuant to Local Rule

12    37-251(c) and that she submitted Kraft's portion of the statement without Mr. Chatoian's input.  On

13    September 15, 2006, Mr. Chatoian filed opposition papers and claims that Ms. Bennett failed to attempt

14    to obtain his input in a joint discovery dispute statement.

15       Discovery deadlines  expire in November and December 2006.  An April 30, 2007 trial is set.

16                      **WAIVER OF OBJECTIONS**

17       Prior to answering Kraft's interrogatories, Mr. Woods raised objections (as applicable) that

18    Kraft's interrogatories: (1) are vague, overbroad, burdensome and oppressive; (2) violate Mr. Woods'

19    privacy rights; (3) seek irrelevant information; (4) seek information from a collateral source; (5) seek

20    information subject to the physician-patient privilege; (6) seek information equally available to Kraft;

21    (7) seek information subject to the attorney work product doctrine and attorney-client privilege; and (8)

22    seek information subject to expert disclosure.  Prior to answering Kraft's document requests, Mr. Woods

23    raised objections (as applicable) that the discovery requests: (1) seek documents prepared in anticipation

24    of litigation or subject to privilege; (2) seek documents in Kraft's possession; and (3) are duplicative.

25    Mr. Woods raised further objections noted below.

26       Kraft contends that Mr. Woods waived his objections to the interrogatories and document

27    requests with Mr. Woods' failure to seek an extension or to serve responses prior to the May 15, 2006

28    deadline for responses.  "Any ground not stated in a timely objection [to an interrogatory] is waived

1   unless the party's failure to object is excused by the court for good cause shown." F.R.Civ.P. 33(b)(4).

2   "It is well established that a failure to object to discovery requests within the time required constitutes

3   a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

4   Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  The failure to respond to

5   interrogatories or document requests "may not be excused on the ground that the discovery sought is

6   objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P.

7   37(d).

8          Mr. Woods, through Mr. Chatoian, claims that Ms. Profera incorrectly assumed Kraft's discovery

9   requests had been served by mail and applied a five-day state court extension to respond for mail service.

10  As a result, Mr. Woods contends that "failure to serve a timely response was the result of mistake" and

11  "a harmless calendaring error" by which Kraft was not prejudiced.  Mr. Woods did not seek an extension

12  based on the presumption that responses were timely.  Mr. Woods claims that he answered Kraft's

13  "discovery requests and provided information available to him, except where the requests clearly were

14  irrelevant or called for privileged information."

15         Despite the calendaring error, harmless or not, Mr. Woods waived objections with failure to seek

16  an extension or to serve responses prior to the May 15, 2006 deadline.  Mr. Woods, through Mr.

17  Chatoian, at best paid lip service to Kraft's meet and confer attempts and confirms the untimely

18  responses served by mail no sooner than May 19, 2006.  Mr. Chatoian dubiously claims that Ms. Bennett

19  precluded his input in a joint discovery statement in that Mr. Chatoian effectively ignored Ms. Bennett

20  and left her no option but to seek this Court's intervention, with or without Mr. Chatoian's participation

21  in a joint discovery dispute statement.  This Court need not consider the merits of Mr. Woods' waived

22  objections, and even considering the objections, many of Mr. Woods' responses are incomplete and

23  evasive to merit Mr. Woods and Mr. Chatoian's assurances that they have provided complete responses

24  and document production.

25                                   **SCOPE OF DISCOVERY**

26         The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

27  contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States*

28  *v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues

                                                    4

1   in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

2        F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

3            Parties may obtain discovery regarding any matter, not privileged, that is relevant
             to the claim or defense of any party, including the existence, description, nature, custody,
4            condition, and location of any books, documents, or other tangible things and the identity
             and location of persons having knowledge of any discoverable matter.  For good cause,
5            the court may order discovery of any matter relevant to the subject matter involved in the
             action.  Relevant information need not be admissible at trial if the discovery appears
6            reasonably calculated to lead to the discovery of admissible evidence.

7        "The party who resists discovery has the burden to show that discovery should not be allowed,

8   and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine*

9   *Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135

10  F.R.D. 101, 104 (D. N.J. 1990).

11                          **INTERROGATORY STANDARDS**

12       Interrogatory functions include obtaining evidence, information which may lead to evidence and

13  admissions, and to narrow issues to be tried.  *United States v. West Virginia Pulp and Paper Co.*, 36

14  F.R.D. 250, 252 (S.D.N.Y. 1964) (citing *United States v. Watchmakers of Switzerland Information*

15  *Center, Inc.*, 2 F.R.Serv.2d 33.353, Case 3 (S.D.N.Y. 1959)).  The party answering interrogatories must

16  furnish "such information as is available to the party."  F.R.Civ.P. 33(a).  F.R.Civ.P. 33(b)(1) requires

17  an interrogatory to be answered "separately and fully in writing under oath, unless it is objected to, in

18  which event the objecting party shall state the reasons for objection and shall answer to the extent the

19  interrogatory is not objectionable."  An "evasive or incomplete . . . answer, or response is to be treated

20  as a failure to . . . answer, or respond."  F.R.Civ.P. 37(a)(3).

21       "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories."

22  *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996).  If a responding party is unable to

23  supply requested information, "the party may not simply refuse to answer, but must state under oath that

24  he is unable to provide the information and 'set forth the efforts he used to obtain the information.'"

25  *Hansel*, 169 F.R.D. at 305 (quoting *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D.

26  Pa. 1977)).

27       F.R.Civ.P. 33 "is to be given a broad and liberal interpretation in the interest of according to the

28  parties the fullest knowledge of the facts and of clarifying and narrowing the issues. . . . That function

5

is certainly not performed by a mere restatement of the general terms of the allegations of the complaint." *West Virginia Pulp*, 36 F.R.D. at 252.

"The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents." *Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992). "Answers to interrogatories should be in such form that they may be used upon a trial, as Rule 33 contemplates." *International Mining Co., Inc. v. Allen & Co., Inc.*, 567 F.Supp. 777, 787 (S.D.N.Y. 1983).

A responding party may be required to state its contentions relating to "fact or the application of law to fact." F.R.Civ.P. 33(c). Courts "generally approve of appropriately timed contention interrogatories as they tend to narrow issues, avoid wasteful preparation, and, it is hoped, expedite a resolution of the litigation." *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989). There is no "hard and fast rule as to the exact amount of detail a party has to supply in response to a contention interrogatory. The answer to this question can only be determined on a case-by-case basis by attempting to find a reasonable solution as specific problems arise." *Roberts*, 130 F.R.D. at 427. "[E]ach interrogatory has to be judged in terms of its scope and in terms of the overall context of the case at the time it is asked." *Roberts*, 130 F.R.D. at 427.

"All grounds for an objection to an interrogatory shall be stated with specificity. Any grounds not stated in a timely objection is waived . . ." F.R.Civ.P. 33(b)(4). The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." F.R.Civ.P. 33(b)(5); *see* F.R.Civ.P. 37(a)(B).

With these standards in mind, the Court turns to Kraft's disputed interrogatories.

## KRAFT'S DISPUTED INTERROGATORIES

**Kraft's Interrogatory No. 1** seeks Mr. Woods' efforts to obtain employment since April 1, 2004 and information as to potential employers contacted and their responses. Mr. Woods' response identified five potential employers and noted "several on-line applications and applications at the California Employment Development Department" and that plaintiff had received responses from two employers. Kraft contends that the response is incomplete and responsive as to evasive as to responses which plaintiff received.

1   Kraft appears to seek a description of the responses from the two employers.  Such a response

2   appears in line with the interrogatory.

3                                                    **Order**

4   This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve a further response to

5   describe the responses from the Fresno Bee and H&R Block.

6   **Kraft's Interrogatory No. 2** seeks the amount and source of Mr. Woods' earned income since

7   April 1, 2004.  Mr. Woods responded that he earned $4,900 from H&R Block and $87 from the Fresno

8   Bee.  Kraft contends that since Mr. Woods waived his objections, Mr. Woods should provide a further

9   response with information withheld due to objections.

10   Kraft is entitled to information, if any, withheld information due to objections.

11                                                   **Order**

12   This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve a further response to

13   indicate if he withheld information due to objections, and if so, to state that information.

14   **Kraft's Interrogatory No. 3** asks whether Mr. Woods treated with a health care provider for

15   injury attributed to the "INCIDENT" and if so, to identify the health care providers and dates of

16   treatment.  Mr. Woods identified Concentra Medical Centers and stated he does not have the dates of

17   treatment but that such information is in the Concentra Medical Centers records.  Kraft contends that

18   since Mr. Woods waived objections, Mr. Woods should provide a further response with information

19   withheld due to objections.

20   Kraft is entitled to information, if any, withheld information due to objections.

21                                                   **Order**

22   This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve  a further response

23   to indicate if he withheld information due to objections, and if so, to state that information.

24   **Kraft's Interrogatory No. 4** asks whether Mr. Woods has filed a personal injury action or claim

25   in the past 10 years and to provide information to identify such actions or claims.  Mr. Woods identified

26   a workers' compensation action.  Kraft contends that since Mr. Woods waived objections, Mr. Woods

27   should provide a further response with information withheld due to objections.

28   Kraft is entitled to information, if any, withheld due to objections.

### **Order**

This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve a further response to indicate if he withheld information due to objections, and if so, to state that information.

**Kraft's Interrogatory No. 5** seeks "each and every fact on which you base your Complaint/this lawsuit." Mr. Woods responded that he was subjected to racially motivated jokes and that management retaliated against him for his complaints in that Mr. Woods was assigned a less desirable work shift, was written up for being late from lunch and personal computer use, received two short checks, and was denied an accommodation for his workers' compensation injury resulting in a 22.2 percent disability.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further response with information withheld due to objections.

Kraft is entitled to information, if any, withheld information due to objections.

### **Order**

This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve a further response to indicate if he withheld information due to objections, and if so, to state that information.

**Kraft's Interrogatory No. 6** seeks the identity of witnesses of the facts identified in response to Interrogatory No. 5. Mr. Woods identified 14 individuals and "all employees of Kraft."

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further response with information withheld due to objections. Kraft further contends that Mr. Woods failed to provide addresses and telephone numbers of identified individuals.

Kraft is entitled to nonexpert witnesses withheld due to objections and known addresses and telephone numbers of identified witnesses.

### **Order**

This Court ORDERS Mr. Woods, no later than October 11, 2006, to serve a further response to indicate if he withheld information due to objections, and if so, to state that information, and to provide the last known addresses and telephone numbers of identified witnesses.

### **DOCUMENT REQUEST STANDARDS**

F.R.Civ.P. 34(b) requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the

request is objected to, in which event the reasons for the objection shall be stated." A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request. F.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." F.R.Civ.P. 34(b). With these standards in mind, this Court turns to Kraft's disputed document requests.[1]

## KRAFT'S DISPUTED DOCUMENT REQUESTS

**Kraft's Document Requests Nos. 1-12, 32, 39, 40, 42, 44, 47-49, 53 and 54** seek documents "which relate to, refer to, substantiate, or refute" discrimination, wrongful termination, negligence, breach of contract, and exemplary damages claims and related allegations in Mr. Woods' complaint and his portion of the Joint Scheduling Conference Report. **Kraft's Document Request No. 56** seeks documents "concerning the subject matter of this litigation." Mr. Woods generally responded to the document requests that:

> Plaintiff has conducted a diligent search and reasonable inquiry in an attempt to locate responsive documents, but as of this date of this response, Plaintiff is not in possession, custody, or control of any further items which would be subject to production under the terms of this request. Discovery is continuing. Plaintiff reserves the right to supplement this production of documents upon receipt of additional information.[2]

In response to several of the document requests, plaintiff referred to attachments to his complaint, Kraft's employee handbook, and an acknowledgment of receipt of Kraft's zero tolerance policy regarding workplace harassment.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further responses with information and documents withheld due to objections.

Mr. Woods identified limited documents in response to several of the document requests and suggests that Kraft possesses such documents. Mr. Woods claims that he lacks further responsive

---

[1]     For brevity, this Court will address jointly several of Kraft's document requests which seek similar information and/or to which Mr. Woods provided similar responses.

[2]     In his responses to Document Request Nos. 1-12, Mr. Woods noted further noted: "Investigation and discovery have just commenced."

documents, but attempts to reserve his right to supplement his document production.  Mr. Woods'
responses suggest a less than diligent, thorough review of and search for responsive documents.  Mr.
Woods appears to trivialize his duty F.R.Civ.P. 26(e)(2) duty to seasonally update his responses and
document production.  Kraft is entitled to assurances that Mr. Woods will produce further responsive
documents or lacks further responsive documents.

**Order**

This Court:

1.      ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft
        their respective declarations to state:

        a.      Mr. Woods and Mr. Chatoian and/or Mr. Chatoian's staff conducted a thorough,
                diligent and good faith search for all documents subject to Kraft's Document
                Request Nos. 1-12 and 32, 39, 40, 42, 44, 47-49, 53, 54 and 56;

        b.      The identity of the person(s) who conducted such search and the specific efforts
                made to search for and locate documents subject to Kraft's Document Request
                Nos. 1-12 and 32, 39, 40, 42, 44, 47-49, 53, 54 and 56;

        c.      There are no further documents subject to Kraft's Document Request Nos. 1-12,
                32, 39, 40, 42, 44, 47-49, 53, 54 and 56 other than or in addition to documents
                produced by Mr. Woods previously or documents produced contemporaneously
                with the declarations of Mr. Woods and Mr. Chatoian; and

        d.      Mr. Woods and Mr. Chatoian have exercised their best efforts to locate and
                produce all documents subject to Kraft's Document Request Nos. 1-12 and 32,
                39, 40, 42, 44, 47-49, 53, 54 and 56;

2.      ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to
        Kraft any further or additional documents subject to Kraft's Document Request Nos. 1-
        12 and 32, 39, 40, 42, 44, 47-49, 53, 54 and 56; and

3.      ADMONISHES Mr. Woods and Mr. Chatoian to honor their F.R.Civ.P. 26(e)
        obligations.

**Kraft's Document Request Nos. 13-16** seek documents "which relate to, refer to, substantiate,

or refute" Mr. Woods' alleged damages (wage loss, general damages, and loss of earning capacity and employment benefits).  Mr. Woods responded to Document Request Nos. 13-16:

> Investigation and discovery have just commenced.  Plaintiff is currently attempting to locate documents responsive to this request, but as of this date of this response, Plaintiff is not in possession, custody, or control of any items which would be subject to production under the terms of this request.  To the extent responsive documents are located, they will be produced.  Plaintiff reserves the right to supplement this production of documents upon receipt of additional information.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further responses with information and documents withheld due to objections.

Mr. Woods claims that he attempts to locate responsive documents, lacks responsive documents, but will produce responsive documents if found.  Mr. Woods further attempts to reserve his right to supplement his document production.  Mr. Woods' response suggests a less than diligent, thorough review of and search for responsive documents.  Mr. Woods appears to trivialize his duty F.R.Civ.P. 26(e)(2) duty to seasonally update his responses and document production.  Kraft is entitled to assurance that Mr. Woods will produce further responsive documents or lacks responsive documents.

## **Order**

This Court:

1.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their respective declarations to state:

    a.    Mr. Woods and Mr. Chatoian and/or Mr. Chatoian's staff conducted a thorough, diligent and good faith search for all documents subject to Kraft's Document Request Nos. 13-16;

    b.    The identity of the person(s) who conducted such search and specific efforts made to search for and locate documents subject to Kraft's Document Request Nos. 13-16;

    c.    There are no further documents subject to Kraft's Document Request Nos. 13-16 other than or in addition to documents produced contemporaneously with the declarations of Mr. Woods and Mr. Chatoian; and

    d.    Mr. Woods and Mr. Chatoian have exercised their best efforts to locate and

1    produce all documents subject to Kraft's Document Request Nos. 13-16;

2    2.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to

3    Kraft all documents, if any, subject to Kraft's Document Request Nos. 13-16; and

4    3.    ADMONISHES Mr. Woods and Mr. Chatoian to honor their F.R.Civ.P. 26(e)

5    obligations.

6    **Kraft's Document Request Nos. 22, 24-31, 35, 43, 45 and 52** seek documents which "relate

7    to, refer to, substantiate, or refute" specific allegations of Mr. Woods' complaint in this action and

8    administrative complaint.  Mr. Woods objected that the document requests are unreasonably duplicative

9    and provided no further response.

10   Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further

11   responses with information and documents withheld due to objections.

12   As discussed above, Mr. Woods waived objections with his failure timely to seek an extension

13   or to provide responses.  Kraft is entitled to assurance that Mr. Woods produced responsive documents

14   or lacks responsive documents.

15   <u>**Order**</u>

16   This Court:

17   1.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft

18   their respective declarations to state:

19   a.    Mr. Woods and Mr. Chatoian and/or Mr. Chatoian's staff conducted a thorough,

20   diligent and good faith search for all documents subject to Kraft's Document

21   Request Nos. 22, 24-31, 35, 43, 45 and 52;

22   b.    The identity of the person(s) who conducted such search and specific efforts

23   made to search for and locate documents subject to Kraft's Document Request

24   Nos. 22, 24-31, 35, 43, 45 and 52;

25   c.    There are no further documents subject to Kraft's Document Request Nos. 22,

26   24-31, 35, 43, 45 and 52 other than or in addition to documents produced by Mr.

27   Woods previously or documents produced contemporaneously with the

28   declarations of Mr. Woods and Mr. Chatoian; and

1     d.     Mr. Woods and Mr. Chatoian have exercised their best efforts to locate and

2            produce all documents subject to Kraft's Document Request Nos. 22, 24-31, 35,

3            43, 45 and 52;

4     2.     ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to

5            Kraft any further or additional documents subject to Kraft's Document Request Nos. 22,

6            24-31, 35, 43, 45 and 52; and

7     3.     ADMONISHES Mr. Woods and Mr. Chatoian to honor their F.R.Civ.P. 26(e)

8            obligations.

9     **Kraft's Document Request No. 33** seeks documents which relate to, refer to, substantiate, or

10    refute Mr. Woods' allegation that he "did not receive recognition for having created Naomi Knight's

11    processing mistake." Mr. Woods objected that "he did not 'create' Naomi Knight's processing mistake.

12    No documents will be produced."

13         Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

14    response with information and documents withheld due to objections.

15         Kraft's document request appears to mistake Mr. Woods' allegation that he did not receive

16    recognition for correcting, not creating, Naomi Knight's processing mistake.  As such, Kraft is not

17    entitled to a further response.

18                                        **<u>Order</u>**

19         This Court DENIES Kraft's motion to compel as to Document Request No. 33.

20    **Kraft's Document Request No. 50** seeks documents which "relate to, refer to, substantiate, or

21    in any way show attorneys' fees and costs [Mr. Woods has] incurred and [is] claiming in this matter."

22    Mr. Woods objected that the document request seeks information subject to an unidentified privilege

23    and stated "[t]his is an improper discovery request and no documents will be produced."

24         Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

25    response with information and documents withheld due to objections.

26         Mr. Woods seeks attorney fees which he may pursue if he prevails.  The issue of attorney fees

27    is not ripe.  Mr. Chatoian may pursue this action on a contingency fee.  Kraft fails to substantiate the need

28    for requested attorney fees documents at this time.  The document request appears to vex Mr. Woods

13

rather than seek documents necessary for Kraft's litigation preparation.  Kraft later may be entitled to responsive documents if Mr. Woods prevails and is entitled to pursue attorney fees.

### Order

This Court DENIES without prejudice Kraft's motion to compel as to Document Request No. 50.

**Kraft's Document Request No. 55** seeks witness statements which "relate to, refer to, substantiate or otherwise support or refute any of the allegations of your Complaint. (Such statements include any notes taken by you that record the account of any witness regarding the allegations of your Complaint regardless of whether a formal witness statement was prepared or signed by the witness.)" Mr. Woods objected that the document request seeks information subject to an unidentified privilege and documents prepared in anticipation of litigation.  Mr. Woods responded:

> Plaintiff is not in possession, custody, or control of any further items which would be subject to production under the terms of this request.  Discovery is continuing. Plaintiff reserves the right to supplement this production of documents upon receipt of additional information.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further response with information and documents withheld due to objections.

As noted above, Mr. Woods waived objections to the document request.  Mr. Woods claims to lack witness statements and his response suggests that he has not obtained witness statements.  Kraft is entitled to assurance that Mr. Woods lacks responsive documents.

### Order

This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to Kraft all documents subject to Kraft's Document Request No. 55, and if there are no such documents, this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their respective declarations to state there are no documents subject to Kraft's Document Request No. 55.

**Kraft's Document Request No. 57** seeks "[a]ll documents of any kind either received by or generated by you with regard to your employment with Defendant." **Kraft's Document Request No. 58** seeks "[a]ll documents of any kind kept by you in connection with your employment with Defendant, the reasons of your alleged termination, or regarding any conversations with any persons made at any

1   time in connection therewith."   Mr. Woods objected that the document requests are overbroad,

2   unintelligible and duplicative and seek documents in Kraft's possession, prepared in anticipation of

3   litigation, and subject to privilege, including the attorney-client privilege and attorney work product

4   protection.  Mr. Woods responded: "This is an improper discovery request and no documents will be

5   produced."

6          Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

7   response with information and documents withheld due to objections.

8          The document requests are too overbroad and nebulous for this Court to craft an order to compel

9   production of specific or identifiable documents.  Kraft should possess Mr. Woods' personnel file and

10  related employment documents.  Kraft is free to propound more precise document requests.  Kraft fails

11  to substantiate the need for the universe of documents potentially subject to the document requests.

12                                                **Order**

13         This Court DENIES Kraft's motion to compel as to Document Request Nos. 57 and 58.

14         **Kraft's Document Request No. 59** seeks documents regarding Mr. Woods' medical treatment

15  resulting from Kraft's alleged conduct.  Mr. Woods objected that the requested documents can be

16  obtained from another source more convenient, less burdensome or less expensive to Mr. Woods or are

17  in Kraft's possession.  **Kraft's Document Request No. 61** seeks documents to show Mr. Woods'

18  employment benefits since April 29, 2004.  Mr. Woods objected that the document request seeks

19  irrelevant documents and is overbroad and unduly burdensome.

20         Mr. Woods responded to the document requests:

21             Plaintiff has conducted a diligent and reasonable inquiry in an attempt to locate
         responsive documents, but as of this date of this response, plaintiff is not in possession,
22       custody or control of any items which would be subject to production under the terms of
         this request.  Discovery is continuing.  Plaintiff reserves the right to supplement this
23       production of documents upon receipt of additional information.

24         Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further

25  responses with information and documents withheld due to objections.

26         Mr. Woods claims that he attempted to locate responsive documents, lacks responsive

27  documents, but attempts to reserve his right to supplement his document production.  Mr. Woods'

28  response suggests that he has not attempted to obtain his medical records.  Mr. Woods appears to

                                                   15

trivialize his duty F.R.Civ.P. 26(e)(2) duty to seasonally update his responses and document production. Kraft is entitled to assurance that Mr. Woods will produce responsive documents or lacks responsive documents.

### Order

This Court:

1.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their respective declarations to state:

    a.    Mr. Woods and Mr. Chatoian and/or Mr. Chatoian's staff conducted a thorough, diligent and good faith search for all documents subject to Kraft's Document Request Nos. 59 and 61;

    b.    The identity of the person(s) who conducted such search and specific efforts to search for and locate documents subject to Kraft's Document Request Nos. 59 and 61;

    c.    There are no documents subject to Kraft's Document Request Nos. 59 and 61 other than or in addition to documents produced contemporaneously with the declarations of Mr. Woods and Mr. Chatoian; and

    d.    Mr. Woods and Mr. Chatoian have exercised their best efforts to locate and produce all documents subject to Kraft's Document Request Nos. 59 and 61; and

2.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to Kraft all documents, if any, subject to Kraft's Document Request Nos. 59 and 61; and

3.    ADMONISHES Mr. Woods and Mr. Chatoian to honor their F.R.Civ.P. 26(e) obligations.

**Kraft's Document Request No. 60** seeks documents to evidence Mr. Woods' earned income since April 29, 2004.  Mr. Woods responded:

> Plaintiff is attempting to locate responsive information and will produce said information upon discovery.  Plaintiff reserves the right to supplement this production of documents upon receipt of additional information.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further response with information and documents withheld due to objections.

16

1    Mr. Woods claims that he attempts to locate responsive documents and will produce them.  Mr.

2    Woods further attempts to reserve his right to supplement his document production.  Mr. Woods'

3    response suggests a less than diligent, thorough review of and search for responsive documents.  Mr.

4    Woods appears to trivialize his duty F.R.Civ.P. 26(e)(2) duty to seasonally update his responses and

5    document production.  Kraft is entitled to assurance that Mr. Woods will produce responsive documents

6    or lacks  responsive documents.

7                                              **Order**

8    This Court:

9    1.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft

10         their respective declarations to state:

11         a.    Mr. Woods and Mr. Chatoian and/or Mr. Chatoian's staff conducted a thorough,

12               diligent and good faith search for all documents subject to Kraft's Document

13               Request No. 60;

14         b.    The identity of the person(s) who conducted such search and specific efforts

15               made to search for and locate documents subject to Kraft's Document Request

16               No. 60;

17         c.    There are no further documents subject to Kraft's Document Request No. 60

18               other than or in addition to documents served contemporaneously with the

19               declarations of Mr. Woods and Mr. Chatoian; and

20         d.    Mr. Woods and Mr. Chatoian have exercised their best efforts to locate and

21               produce all documents subject to Kraft's Document Request Nos. 60;

22    2.    ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to

23         Kraft all documents, if any, subject to Kraft's Document Request Nos. 60; and

24    3.    ADMONISHES Mr. Woods and Mr. Chatoian to honor their F.R.Civ.P. 26(e)

25         obligations.

26    **Kraft's Document Request No. 62** seeks documents regarding Mr. Woods' efforts since April

27    29, 2004 to obtain employment, including resumes, applications, offers and rejections. Mr. Woods

28    objected that the document request seeks irrelevant information and is overbroad and unduly

                                              17

1   burdensome.  Mr. Woods responded: "This is an improper discovery request and no documents will be

2   produced."

3       Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further

4   responses with information and documents withheld due to objections.

5       The document request seeks documents regarding Mr. Woods' mitigation attempts to render such

6   documents relevant.  As discussed above, Mr. Woods waived his objections with his failure timely to

7   seek an extension or to serve responses.  Kraft is entitled to documents to demonstrate Mr. Woods'

8   mitigation efforts.

9                                   **Order**

10      This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce

11  to Kraft all documents subject to Kraft's Document Request No. 62, and if there are no such documents,

12  this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their

13  respective declarations to state there are no documents subject to Kraft's Document Request No. 62.

14      **Kraft's Document Request No. 63** seeks all documents which Mr. Woods used during his Kraft

15  employment to attempt to obtain other employment.  Mr. Woods objected that the document request

16  seeks irrelevant information and is overbroad and unduly burdensome.  Mr. Woods responded: "This

17  is an improper discovery request and no documents will be produced."

18      Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

19  response with information and documents withheld due to objections.

20      Kraft fails to substantiate the need for documents which Mr. Woods used during his employment

21  to attempt to obtain other employment.  There is no indication that such documents address Mr. Woods'

22  mitigation efforts.   The document request appears to vex Mr. Woods rather than seek documents

23  necessary for Kraft's litigation preparation.

24                                  **Order**

25      This Court DENIES Kraft's motion to compel as to Document Request No. 63.

26      **Kraft's Document Request No. 64** seeks documents regarding Mr. Woods' earned income from

27  sources other than Kraft during his employment with Kraft.  Mr. Woods objected that the document

28  request seeks irrelevant information and is overbroad and unduly burdensome.  Mr. Woods responded:

                                        18

1  "This is an improper discovery request and no documents will be produced."

2      Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further
3  response with information and documents withheld due to objections.

4      As noted above, Mr. Woods waived objections to the document request with his failure timely
5  to seek an extension or to serve responses.  Since Mr. Woods appears to claim loss of earning capacity,
6  Kraft is entitled to documents regarding his earned income and ability to earn to income.  If Mr. Woods
7  lacks responsive documents, Kraft is entitled to assurance of such.

8                                          **Order**

9      This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce
10 to Kraft all documents subject to Kraft's Document Request No. 64; and

11      1.      If there are no such documents, to ORDER Mr. Woods and Mr. Chatoian, no later than
12              October 11, 2006, to serve Kraft their respective declarations to state there are no
13              documents subject to Kraft's Document Request No. 64; or

14      2.      If there are such documents but Mr. Woods and/or Mr. Chatoian do not possess them,
15              to ORDER Mr. Woods and Mr. Woods, no later than October 11, 2006, to serve Kraft
16              their respective declarations to state to the best of their knowledge, who possesses
17              documents subject to Kraft's Document Request No. 64 and the documents' location.

18      **Kraft's Document Request No. 65** seeks all of Mr. Woods' communications since the start of
19 his employment with Kraft to present "with any potential employer regarding your possible employment
20 with them [sic]."  Mr. Woods objected that the document request seeks irrelevant information and is
21 overbroad and unduly burdensome.  Mr. Woods responded: "This is an improper discovery request and
22 no documents will be produced."

23      Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further
24 response with information and documents withheld due to objections.

25      Kraft fails to substantiate the need for documents which Mr. Woods used during his employment
26 to attempt to obtain other employment. Such documents do not address Mr. Woods' mitigation efforts.
27 The document request appears to vex Mr. Woods rather than seek documents necessary for Kraft's
28 litigation preparation.  Documents subject to Kraft's Document Request No. 62 address Mr. Woods'

                                            19

1   mitigation efforts to render this document request superfluous.

2                                    **Order**

3          This Court DENIES Kraft's motion to compel as to Document Request No. 65.

4          **Kraft's Document Request No. 66** seeks Mr. Woods' communications with Kraft and related

5   documents since Mr. Woods applied for Kraft employment and concerning terms and conditions of

6   employment with Kraft.  **Kraft's Document Request No. 67** seeks all documents received by Mr.

7   Woods from Kraft during Mr. Woods' employment, including policies, procedures, handbooks, etc.

8   Plaintiff objected that the document requests seek irrelevant information,  documents prepared in

9   anticipation of litigation, documents in Kraft's possession, and are duplicative, overbroad and

10  burdensome.  Mr. Woods responded: "No documents will be produced."

11         Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further

12  responses with information and documents withheld due to objections.

13         As noted above, Mr. Woods waived objections to the document requests with his failure  timely

14  to seek an extension or to serve responses.  Kraft is entitled to communications with Mr. Woods and

15  documents it provided to Mr. Woods in that they are relevant to Mr. Woods' claims and defense of them.

16  If Mr. Woods lacks responsive documents, Kraft is entitled to assurance of such.

17                                   **Order**

18         This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce

19  to Kraft all documents subject to Kraft's Document Request Nos. 66 and 67, and if there are no such

20  documents, this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve

21  Kraft their respective declarations to state there are no documents subject to Kraft's Document Request

22  Nos. 66 and 67.

23         **Kraft's Document Request No. 68** seeks all documents "which relate to, refer to, or in any way

24  substantiate any efforts on your part to mitigate damages."  Mr. Woods objected that the document

25  request is duplicative and responded: "No documents will be produced."

26         Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

27  response with information and documents withheld due to objections.

28         As discussed above, Mr. Woods waived his objections with his failure timely to seek an

                                        20

1  extension or to serve responses. Although the document request seeks documents potentially subject to

2  Document Request No. 62, Kraft is entitled to documents to demonstrate Mr. Woods' mitigation efforts.

3  **Order**

4      This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce

5  to Kraft all documents subject to Kraft's Document Request No. 68, and if there are no such documents,

6  this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their

7  respective declarations to state there are no documents subject to Kraft's Document Request No. 68.

8      **Kraft's Document Request No. 69** seeks all documents "which relate to, refer to, substantiate

9  or describe any medical condition you allegedly have suffered resulting from working for and/or

10  allegedly being terminated by Defendant, including any medical records that reflect such medical

11  condition." Mr. Woods objected that the document request is unduly duplicative and responded: "No

12  documents will be produced."

13      Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

14  response with information and documents withheld due to objections.

15      As discussed above, Mr. Woods waived objections with his failure timely to seek an extension

16  or to serve responses. Although the document request seeks documents subject to Document Request

17  No. 59, it seeks additional documents for a medical condition rising from employment, not merely from

18  Kraft's alleged conduct. Kraft is entitled to documents to demonstrate an alleged medical condition

19  arising from Mr. Woods' employment.

20  **Order**

21      This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce

22  to Kraft all documents subject to Kraft's Document Request No. 69; and

23      1.    If there are no such documents, this Court ORDERS Mr. Woods and Mr. Chatoian, no

24      later than October 11, 2006, to serve Kraft their respective declarations to state there are

25      no documents subject to Kraft's Document Request No. 69; or

26      2.    If there are such documents but Mr. Woods and/or Mr. Chatoian do not possess them,

27      this Court ORDERS Mr. Woods and Mr. Woods, no later than October 11, 2006, to

28      serve Kraft their respective declarations to state to the best of their knowledge, who

1    possesses documents subject to Kraft's Document Request No. 69 and the documents'

2    location.

3    **Kraft's Document Request No. 70** seeks all documents "which relate to, refer to, or in any way

4    substantiate the amount of damages and reasons for these damages that you claim to have incurred to

5    date as a result of the conduct of Defendant." Mr. Woods objected that the document request is

6    unreasonably duplicative and responded: "No documents will be produced."

7    Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

8    response with information and documents withheld due to objections.

9    As discussed above, Mr. Woods waived objections with his failure timely to seek an extension

10   or to serve responses. The document request seeks documents as to the amount of Mr. Woods' global

11   damages claims and inherently crosses over into other document requests. Nonetheless, Kraft is entitled

12   to documents to demonstrate the amount of Mr. Woods' alleged damages.

13   **Order**

14   This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce

15   to Kraft all documents subject to Kraft's Document Request No. 70, and if there are no such documents,

16   this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their

17   respective declarations to state there are no documents subject to Kraft's Document Request No. 70.

18   **Kraft's Document Request No. 71** seeks all documents "that relate to, refer to, or in any way

19   show any reports, letters of support or encouragement received by you or anyone acting on your behalf

20   from any person concerning the subject matter of this litigation." Mr. Woods objected that the document

21   request seeks irrelevant information and information subject to unidentified privilege and is overbroad

22   and unduly burdensome. Mr. Woods responded: "This is an improper discovery request and no

23   documents will be produced."

24   Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

25   response with information and documents withheld due to objections.

26   The document request appears to seek documents to support Mr. Woods or his efforts in this

27   litigation. The document request is too overbroad and nebulous for this Court to craft an order to compel

28   production of specific or identifiable documents. Kraft fails to substantiate the need for the universe of

22

documents potentially subject to this document request.

**Order**

This Court DENIES Kraft's motion to compel as to Document Request No. 71.

**Kraft's Document Request No. 72** seeks all documents "which relate to, refer to, or substantiate or describe all communications you had with Defendant (including employees, agents and representatives) regarding your work performance." **Kraft's Document Request No. 74** seeks all documents "which relate to, refer to, or substantiate or describe any counseling or discipline regarding your work performance, misconduct, and/or violation of Defendant's policies that you received." Mr. Woods objected that Kraft possesses responsive documents and that the document requests are duplicative.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide further responses with information and documents withheld due to objections.

As discussed above, Mr. Woods waived objections with his failure timely to seek an extension or to serve responses. The document requests generally seek Mr. Woods' performance evaluations and reprimands and inherently crosses over into other document requests.  Nonetheless, Kraft is entitled to responsive documents in that they are relevant to Mr. Woods' claims and defense of them.

**Order**

This Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to produce to Kraft all documents subject to Kraft's Document Request Nos. 72 and 74, and if there are no such documents, this Court ORDERS Mr. Woods and Mr. Chatoian, no later than October 11, 2006, to serve Kraft their respective declarations to state there are no documents subject to Kraft's Document Request No. 72 and 74.

**Kraft's Document Request No. 73** seeks all documents "which relate to, refer to, or substantiate or describe any and all communications you have had with Defendant (including employees, agents and representatives) concerning the subject matter of this litigation since your termination."  Mr. Woods objected that the document request is unduly duplicative.

Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further response with information and documents withheld due to objections.

1   As discussed above, Mr. Woods waived objections with his failure timely to seek an extension

2   or to serve responses.  The document request appears to target Mr. Woods' communications, not those

3   of his counsel.  Presumably, Kraft or its counsel possesses communications with Mr. Woods and his

4   counsel regarding this litigation.  Nonetheless, with the waiver of objections, Kraft is entitled to Mr.

5   Woods' communications.  Mr. Woods need not produce communications of his counsel with Kraft or

6   its counsel.

7   **Order**

8   This Court ORDERS Mr. Woods, no later than October 11, 2006, to produce to Kraft all of his

9   communications with Kraft, including its employees, agents and representatives, concerning the subject

10  matter of this litigation since Mr. Woods' termination.

11  **Kraft's Interrogatory No. 75** seeks all documents reflecting Mr. Woods' employment five years

12  prior to his employment with Kraft.  Mr. Woods objected that the document request seeks irrelevant

13  information and is overbroad and unduly burdensome.  Mr. Woods responded: "This is an improper

14  discovery request and no documents will be produced."

15  Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

16  response with information and documents withheld due to objections.

17  As noted above, Mr. Woods waived objections to the document request with his failure timely

18  to seek an extension or to provide responses.  Since Mr. Woods appears to claim loss of earning

19  capacity, Kraft is entitled to documents regarding his ability to earn to income, including his employment

20  history.  However, the document request seeks a broad range of documents difficult to identify and

21  categorize.  As such, Mr. Woods' resumes or similar documents demonstrating his employment five

22  years prior to the start of his Kraft employment are sufficient.  If Mr. Woods lacks responsive

23  documents, Kraft is entitled to assurance of such.

24  **Order**

25  This Court ORDERS Mr. Woods, no later than October 11, 2006, to produce to Kraft Mr.

26  Woods' resumes or similar documents demonstrating his employment five years prior to the start of his

27  Kraft employment, and if there are no such documents, this Court ORDERS Mr. Woods, no later than

28  October 11, 2006, to serve Kraft his declaration to state that he has no resumes or similar documents

24

1   demonstrating his employment five years prior to the start of his Kraft employment.

2   **Kraft's Document Request No. 76** seeks all documents named/described in Mr. Woods'

3   F.R.Civ.P. 26(a)(1) disclosures.  Mr. Woods objected that Kraft possesses the requested documents and

4   that the document request is duplicative.  Mr. Woods responded that he had produced the requested

5   documents, except his entire employee/personnel file, which Kraft possesses in entirety.

6   Kraft contends that since Mr. Woods waived objections, Mr. Woods should provide a further

7   response with information and documents withheld due to objections.  Kraft further contends that Mr.

8   Woods' response that Kraft possesses his personnel file is inefficient and evasive and that Kraft is

9   entitled to whatever Mr. Woods possesses.

10   As noted above, Mr. Woods has waived objections with his failure timely to seek an extension

11   or to serve responses.  As to this document request, Kraft appears to focus on Mr. Woods' personnel file.

12   Although Kraft presumptively possesses Mr. Woods' personnel file, his waiver of objections entitles

13   Kraft to the portions of the personnel file and related employment documents which Mr. Woods

14   possesses.

15                                              **Order**

16   This Court ORDERS Mr. Woods, no later than October 11, 2006, to produce to Kraft all of his

17   personnel file and related employment documents which Mr. Woods possesses.

18                                        **MONETARY SANCTION**

19   In their respective papers, Kraft and Mr. Woods make passing reference to an award of attorney

20   fees to pursue and to oppose Kraft's motions to compel.  Neither Kraft nor Mr. Woods substantiate an

21   award of attorney fees, especially with their respective mixed success on the merits of the motions to

22   compel.  Nonetheless, if this Court were inclined to impose a monetary sanction, it would impose it on

23   Mr. Woods and Mr. Chatoian based on Mr. Woods' untimely discovery responses and Mr. Chatoian's

24   failure to meet and confer meaningfully to address Kraft's concerns.

25                                              **Order**

26   This Court DENIES an attorney fees award to Kraft and Mr. Woods.

27   IT IS SO ORDERED.

28   **Dated:   September 21, 2006                     /s/ Lawrence J. O'Neill**

66h44d                                   UNITED STATES MAGISTRATE JUDGE